UNITED STATES of America, for the Use and Benefit of John S. IRVINE, et al., Plaintiff-Appellee,

v.

TRAYLOR BROS., Inc., and Indemnity Insurance Company of North America, Defendants-Appellants.

No. 11715.

United States Court of Appeals Seventh Circuit.

July 8, 1957.

Rehearing Denied July 29, 1957.

John E. Early, Evansville, Ind., Louis C. Chapleau, South Bend, Ind., for appellants.

Paul Moo, South Bend, Ind., Henry B. Walker, Jr., Henry B. Walker, William G. Greif, Evansville, Ind., for appellee.

Before DUFFY, Chief Judge, LINDLEY, Circuit Judge, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is an appeal from a judgment rendered under the Miller Act (Sections 270a to 270d, Title 40, United States Code Annotated) in favor of the Use Plaintiffs and against Defendants, under Paragraph I of the Amended Complaint, of $23,763.91, and under Paragraph II of the Amended Complaint, of $1,024.83.

On or about June 10, 1953, the defendant, Traylor Bros., Inc. entered into a general contract with the United States for the construction of various buildings at the Air Force Base at Bunker Hill, Indiana. The defendant, Indemnity Insurance Company of North America, became surety upon the general contractor's bond in the sum of $780,000, requiring payment to all persons supplying labor and materials upon said project.

On or about June 22, 1953, the general contractor entered into a sub-contract with the Use Plaintiffs whereby the Use Plaintiffs for the sum of $396,087, to be

---

paid by the general contractor, agreed to perform certain labor and furnish certain materials for heating, plumbing and steam distribution systems in connection with the various buildings so to be constructed. The Use Plaintiffs entered upon the performance of their contract and proceeded therewith until October, 1953, when they were beset with labor difficulties, the details of which are unimportant at this time. On account of such difficulties, however, the contractor and the sub-contractor entered into discussions looking to a termination of the sub-contract and the completion of the sub-contractor's work by the general contractor. A written agreement to this effect was prepared but never executed by the parties, but on the evidence before the District Court, the Court found that the parties had by their oral agreement mutually terminated the sub-contract, and that the general contractor had proceeded with the work as orally agreed upon.

By Paragraph I of their Amended Complaint, Plaintiffs sought to recover on a *quantum meruit* theory from the general contractor and the surety for the reasonable value of labor and materials theretofore furnished by the sub-contractor in connection with such work. By Paragraph II of the Amended Complaint, Plaintiffs ask for the recovery of $1,024.-83 for certain tools alleged to have been sold to Defendant contractor. To this suit the general contractor filed its answer and a counter-claim against the sub-contractor for damages for breach of its sub-contract.

The District Court in 33 separate Findings of Fact and 13 Conclusions of Law concluded that the sub-contract had been mutually rescinded and that the sub-contractor was entitled to recover on a *quantum meruit* basis under Paragraph I of the Amended Complaint for the reasonable value of labor and materials furnished by them in the sum of $23,763.91, and under Paragraph II of the Amended Complaint, for the value of the tools sold to the general contractor, the sum of $1,024.83; and that Defendants' Cross-claim was without merit.

The appellants here make no serious challenge to the District Court's dismissal of their Counter-claim, which obviously they could not if the District Court correctly found that there had been a recision of the sub-contract by mutual agreement. They do assert, however, that Use Plaintiffs had the burden of proof and have failed in carrying the same.

■ Appellants state the contested issues on this appeal to be:

1. Whether the trial court erred in rendering its decision and judgment in favor of the use plaintiffs against the defendants in the absence of evidence of the quantity or items of services or labor furnished by the use plaintiffs to the defendant contractor.

2. Whether under the law and the evidence, the trial court erred in rendering a judgment against the defendants on the theory of *quantum meruit* in the absence of any proof of the reasonable value of the services performed and the materials furnished.

3. Whether under the law and the evidence, the trial court erred in assessing a judgment against the defendants in an excessive amount by including: (a) Attorneys fees incurred by the use plaintiffs in labor litigation as labor or materials. (b) Fees paid an expediter by the use plaintiffs as labor or materials. (c) Freight and trucking expenses incurred by the use plaintiffs as labor or materials. (d) Travel expenses incurred by the use plaintiffs before and after being employed by the defendant contractor as labor or materials. (e) Sums due but not paid, the superintendent of the use plaintiffs under a separate contract with him for additional compensation as labor or materials. (f) Items of overhead and profit computed upon a basis including items paid for by the defendant contractor, attorneys fees and the salary of an expediter or otherwise.

Thus it appears that the issues before this court turn upon pure questions of fact and involve a study of the pleadings and the record to determine whether

there was any substantial evidence to support the findings of the District Court. This we have done, and it is sufficient to say that from all the evidence presented, including such matters deemed to have been admitted, we think each of the material findings is supported by substantial evidence.

■ In appellants' contested issue No. 3, various items are suggested as having been improperly included in the assessment of damages. At least some of these suggestions have substantial merit, and we should feel called upon to give serious consideration to them except for the fact that there is here no showing that any of them was, in fact, included in the District Court's judgment. We are not at liberty to assume they were so included.

Appellants also assert in their brief that a minor part of the judgment should have gone against the general contractor only, rather than against the general contractor and the surety jointly. It does not appear that this question was presented to the trial court, and in fairness to all concerned should not now be considered by this Court as we have previously held in many cases. Moreover, counsel for appellants very frankly conceded on the oral argument that this contention, if sound, would make no practical difference in the ultimate result and we are not inclined to search out and rule on issues merely for the sake of airing our views.

It would serve no useful purpose to discuss in detail the myriad of items entering into the judgment herein, but on the record we think there is ample support for the District Court's findings as a whole. There does, however, appear to be an error of computation that enters into the judgment rendered. In its opinion and findings the District Court stated "the evidence conclusively shows that the amount of $115,643.61 for services performed and materials furnished was fair and reasonable, and admitted and certified by the defendant Traylor Bros. Inc. to be so." The District Court then found that defendant Traylor Bros., Inc. had paid to the Use Plaintiffs the sum of $60,798.91; that Use Plaintiffs had agreed that they had overspent for labor the sum of $4,011.18; that Traylor Bros. had paid to suppliers of the Use Plaintiffs the sum of $31,080.79, and that defendants were, therefore, entitled to a credit for $95,890.88 (the sum of the three items) leaving a balance due the Use Plaintiffs of $23,763.91 for which they were entitled to judgment under Paragraph I of the Amended Complaint. The subtraction of the sum of the credits ($95,890.88) from the finding in favor of Use Plaintiffs of $115,643.61 would leave a balance due Use Plaintiffs under Paragraph I of the Amended Complaint of $19,752.73, instead of $23,763.91. We recognize some inconsistency in this conclusion of the District Court with some of the subsequent conclusions (notably Conclusions of Law 10 and 11), but we think the detailed finding in which we have noted the mathematical inaccuracy the one most clearly finding support in the evidence.

There seems to be no question but that Use Plaintiffs were entitled to recover $1,024.83 under Paragraph II of the Amended Complaint.

The judgment under Paragraph I of the Amended Complaint is, therefore, modified to read $19,752.73 instead of $23,763.91, and as so modified the entire judgment amounting in the aggregate to $20,777.56 is affirmed.

Judgment affirmed.